## Commonwealth *v.* Brauninger, Appellant.
## Commonwealth *v.* Kleinmann, Appellant.

*Liquor laws—Bottler's license—Delivery to purchaser in adjoining county.*
Commonwealth v. Hess, Appellant, ante, p. 98, followed.

Argued Feb. 2, 1892. Appeals, Nos. 112 and 113, July T., 1891, by defendants, Sophia Brauninger and Gottlieb Kleinmann, from judgments of Q. S. Montgomery Co., June T., 1891, Nos. 30 and 31. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Indictments for selling liquor without a license.

The evidence on the trial before WEAND, P. J., disclosed a state of facts similar to those in the case of Commonwealth v. Hess, ante, p. 98. Defendant Brauninger was the holder of a bottler's license in Philadelphia county, and defendant Kleinmann was the driver of her wagon.

### COMMONWEALTH v. BRAUNINGER, APPELLANT.

Defendant submitted the following point:

" The evidence being that the defendant, a licensed wholesale liquor dealer in Philadelphia, received at her place of business by mail orders for lager beer, which she caused her driver to fill by delivery to a hotel keeper in Montgomery county, who sometimes paid her at her place of business, sometimes by check through the mail, and at other times to the driver, the court is requested to charge the jury that this does not constitute an offence under the law, and that the verdict should be 'Not guilty.' *Answer:* I cannot so charge you. If defendant, although licensed in Philadelphia, received orders from Montgomery county, and sent the lager beer by her own driver and wagon to this county and delivered it here and was paid for it through her driver here, either by money or check, she is guilty of violation of the law." [1, 2, 3]

The court charged the jury, in part, as follows:

" The delivery of the goods and receipt of the price, or any part of it, by the defendant's driver, in Montgomery county, at any time within two years preceding the finding of the indictment, constituted a sale by the defendant in this county and a violation of the law." [4]

COMMONWEALTH v. KLEINMANN, APPELLANT.

Defendant submitted the following point:

" The evidence being that the defendant is driver for a licensed wholesale liquor dealer in Philadelphia, who received orders for lager beer by mail from persons in Montgomery county, which orders were filled by delivery by the defendant as such driver for said wholesale dealer, at the residence of the vendees in the latter county, who sometimes remitted payment to the vendor by mail, sometimes made it to her at her place of business in Philadelphia, and sometimes made it to the defendant in Montgomery county by money or check for transmission to her.    The court is requested to charge the jury that this does not constitute an offence under the law, and that the verdict of the jury should be 'not guilty.'    *Answer :* I cannot so instruct you.    Under the above state of facts, the defendant would be guilty of a violation of the law."    [1, 2, 3]

The court charged the jury in part as follows :

" The delivery of the goods and receipt of the price or any part of it, by the defendant, in Montgomery county, at any time within two years preceding the finding of the indictment, constituted a sale in this county, and a violation of the law."    [4]

Verdicts, guilty, and judgments thereon.    Defendants appealed.

*Errors assigned* were, in each appeal, (1–3) refusal to affirm defendant's point and the answer given thereto, quoting point and answer ;   (4) the portion of the charge above quoted.

*Irving P. Wanger,* with him *Irvin P. Knipe* and *John Dolman,* for appellant.

*Henry M. Brownback,* district attorney, *B. E. Chain* with him, for appellee.

COMMONWEALTH v. BRAUNINGER, APPELLANT.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892:

This case is ruled by Commonwealth v. Hess decided herewith.

Judgment reversed.

COMMONWEALTH V. KLEINMANN, APPELLANT.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892:
This case is ruled by Commonwealth v. Hess, decided herewith.

Judgment reversed.